IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER SALANOA, | Civ. No. 21-00300 JMS-RT |
| Plaintiff, | ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 19; |
| vs. | (2) DENYING PLAINTIFF'S "MOTION TO ENFORCE MY ADA AND REHABILITATION RIGHTS," ECF NO. 7; |
| HAWAIIAN ELECTRIC COMPANY, | (3) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT III, ECF NO. 64; AND |
| Defendant. | (4) DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, ECF NO. 20 |

**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS, ECF NO. 19; (2) DENYING PLAINTIFF'S "MOTION TO ENFORCE MY ADA AND REHABILITATION RIGHTS," ECF NO. 7; (3) DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT III, ECF NO. 64; AND (4) DENYING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT, ECF NO. 20**

## I. <u>INTRODUCTION</u>

This Order considers four pending Motions (ECF Nos. 7, 19, 20, and 64) in this action brought by pro se Plaintiff Christopher Salanoa ("Plaintiff" or "Salanoa") against his former employer, Defendant Hawaiian Electric Company

("Defendant" or "HECO").  Construed broadly, Plaintiff's July 6, 2021

"Retaliation Complaint" alleges violations against HECO of Title VII of the Civil

Rights Act (42 U.S.C. § 2000e-2(a)(1)); the Americans with Disabilities Act of

1990 ("ADA"); and related state law claims.  *See* ECF No. 1 at PageID ## 1, 8-14.

Three of the four pending Motions ultimately revolve around the same requests by

Salanoa to (1) reinstate his employment with HECO and (2) set aside both a July

29, 2014 settlement agreement and a corresponding stipulation for dismissal of

prior litigation between Salanoa and HECO.[1]

But those requests to reinstate his employment and set aside the

settlement agreement—as well as much of the other relief sought in the

Complaint—are barred by doctrines of prior adjudication, i.e., res

judicata/collateral estoppel.  Plaintiff has already brought his claims (both his

discrimination claims and claims seeking to set aside the settlement agreement) in

prior federal and state court actions, which are now final.  As a matter of law, he

cannot bring those claims again.  And, in any event, Plaintiff's claims otherwise

fail.  The law requires the court to GRANT Defendant's Motion to Dismiss, ECF

No. 19, and DISMISS this action.

---

[1] As explained later, the fourth Motion seeks to declare Salanoa a "vexatious litigant," and to require him to obtain permission before filing any other actions against HECO. *See* ECF No. 20.

## II.  <u>BACKGROUND</u>

Analyzing the issues raised in the pending Motions requires understanding several past and ongoing proceedings between Plaintiff and HECO. The court thus begins by explaining relevant details of those proceedings.[2]

A.    ***Salanoa v. Hawaiian Electric Co.*, Civ. No. 13-00313 JMS-KJM ("*Salanoa I*")**

1.    *Allegations*

On June 24, 2013, Salanoa (while represented by counsel Richard DeWaele) filed a previous suit against HECO in the U.S. District Court for the District of Hawaii, alleging Title VII claims for race discrimination and retaliation, and state law claims for emotional distress and punitive damages.  *See* ECF No. 19-1 at PageID # 227; ECF No. 19-5 at PageID # 251; *Salanoa I* (ECF No. 1 at PageID ## 4-6).  Salanoa filed that complaint after receiving a right-to-sue letter on or about March 30, 2013 from the Equal Employment Opportunity Commission ("EEOC") based on a September 13, 2011 charge of discrimination filed with the EEOC.  *Salanoa I* (ECF No. 1 at PageID # 4 (complaint)); ECF No. 7-5 at PageID ## 53-54 (EEOC charge).  The suit was assigned to this court, Judge J. Michael Seabright.  *See, e.g.*, ECF No. 19-5 at PageID # 251.

---

[2] The court takes judicial notice of the pleadings, court orders, and other public records attached to the parties' briefs.  *See* Fed. R. Evid. 201(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

The *Salanoa I* complaint alleged that HECO had hired Salanoa in 1993, and eventually promoted him to "Substation Electrician" until his separation from employment in July 2011. *Salanoa I* (ECF No. 1 at PageID # 3). His separation was due to his retirement, effective August 1, 2011, although he alleges he "felt forced to retire." ECF No. 7-5 at PageID # 53; *see also* ECF No. 7-2 at PageID # 45 (letter from Salanoa informing HECO of his retirement "effective July 22, 2011"); *id.* at PageID # 46 (Notification of Retirement). The *Salanoa I* complaint alleged that during his employment he was subjected to harassment and discrimination from co-workers and supervisors. *Salanoa I* (ECF No. 1 at PageID # 3). It further alleged that, in retaliation for his complaints to management, he was counseled for "workplace violence" on April 29, 2011. *Id.*

### 2. *Settlement and Stipulation for Dismissal*

HECO answered the *Salanoa I* complaint, denying the allegations of discrimination and retaliation. *See* ECF No. 19-5 at PageID # 252; *Salanoa I* (ECF No. 6 at PageID # 13). HECO then filed a motion for summary judgment on May 21, 2014. *See* ECF No. 19-5 at PageID # 254. Soon thereafter, on June 17, 2014, the court was notified that the parties reached a settlement of the action, and it deemed HECO's motion for summary judgment to have been withdrawn. *Id.* at PageID ## 254-55. Accordingly, on August 7, 2014, the parties filed a stipulation

for dismissal of all claims with prejudice (signed by counsel for both parties), and the case was closed. *See* ECF No. 19-1 at PageID # 228; ECF No. 19-5 at PageID # 255; *Salanoa I* (ECF No. 36).

The dismissal of *Salanoa I* was based on a July 29, 2014 "Settlement, Indemnification and Release Agreement" (the "July 2014 Settlement Agreement").[3]  *See* ECF No. 36-3 at PageID # 1097.  By its terms, the July 2014 Settlement Agreement resolved both *Salanoa I* as well as a related November 21, 2011 workers' compensation matter. *See id* at PageID # 1098.  Salanoa signed the July 2014 Settlement Agreement on July 29, 2014, and it was approved by his counsel on July 30, 2014. *Id.* at PageID ## 1103, 1104.  HECO's counsel approved it on August 6, 2014, *id.* at PageID # 1104, and HECO's Vice President/General Counsel signed it on August 11, 2014, ECF No. 65-1 at PageID # 1389.

Among other terms, the July 2014 Settlement Agreement provides that:

> [T]he Parties seek to compromise and settle [*Salanoa I*], together with any and all other claims which do, or may exist, between them, including any claims related to [a

---

[3] The July 2014 Settlement Agreement was not part of the record when *Salanoa I* was dismissed.  Rather, Plaintiff filed a copy of the July 2014 Settlement Agreement in the present action (i.e., Civ. No. 21-00300 JMS-RT) on October 5, 2021 as an exhibit to his Opposition to Defendant's Motion to Dismiss.  *See* ECF No. 36-3.  Plaintiff had also filed a copy in *Salanoa I* in 2018 when seeking to reopen that action.  *See Salanoa I* (ECF No. 43-7 at PageID ## 676-83).

> November 21, 2011 workers' compensation matter],
> believing such settlement to be in their respective best
> interests in light of the expense and uncertainty of
> litigation, and without admission of any liability, fact,
> claim or defense[.]

ECF No. 36-3 at PageID # 1097. It contains a general release by Salanoa and his agents (including Colette Salanoa[4]) to "fully, finally and completely settle, release and waive any and all claims he had, has, or may have against HECO . . . for anything that has occurred from the beginning of time up to the date of execution of the Agreement by Mr. Salanoa." *Id.* at PageID # 1098. The released claims include causes of action under Title VII and the ADA, as well as state law causes of action under Hawaii employment statutes, workers' compensation laws, and related state common law that arise out of Salanoa's employment with, or separation from, HECO. *Id.* at PageID ## 1098-99. Accordingly, it contains a "covenant not to sue," providing in part that Salanoa "agrees and represents that he will not . . . in the future file any claim, lawsuit or complaint against any HECO Released Party based on the claims released in this Agreement." *Id.* at PageID # 1099.

The July 2014 Settlement Agreement also includes a provision entitled "no reemployment," which reads in part that "Mr. Salanoa agrees that he is

---

[4] Colette Salanoa is Plaintiff's wife. *See, e.g.*, ECF No. 36-4 at PageID # 1106.

not eligible for, and that he shall never seek, reemployment with HECO, or any of its affiliated companies at any time in the future and he acknowledges that his employment with HECO has been permanently severed as of the date of his retirement." *Id.* at PageID # 1100.  It states that the date of his retirement was July 23, 2011.  *Id.* at PageID # 1097.

The Agreement also explains that "[i]n executing this Agreement, Mr. Salanoa is relying on his own judgment and has been represented by legal counsel in connection with this Agreement, and his legal counsel has read and explained to Mr. Salanoa the entire contents of this Agreement in full, as well as explained the legal consequences of his release." *Id.* at PageID # 1101.  And it includes a severability clause reading: "If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or unenforceable, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected." *Id.* at PageID # 1102.

### 3. *Plaintiff's Rule 60 Motion to Vacate*

On October 29, 2018, over four years after *Salanoa I* was dismissed, Salanoa (now proceeding pro se) filed a motion under Federal Rule of Civil Procedure 60(b)(3) asking the court to "vacate judgment of the case" based on

fraud.[5]  ECF No. 19-5 at PageID # 256; *Salanoa I* (ECF No. 43).  He apparently

sought to reopen the case, arguing that his former counsel DeWaele dismissed the

case without his knowledge or authorization and thus committed "[f]raud upon the

Court."  *Salanoa I* (ECF No. 43 at PageID ## 500-01).  The court denied Salanoa's

Rule 60 motion by an Order of November 6, 2018, refusing to reopen the action.

*See* ECF No. 19-3 at PageID # 239.  After considering over 250 pages of

documents (consisting of "doctor reports, records from an underlying worker's

compensation proceeding, copies of email correspondence between Plaintiff and

his former counsel, and Plaintiff's notes to the court outlining his summary of the

facts, claims, and legal arguments," *id.* at PageID # 240),[6] the court determined

that Plaintiff presented no evidence of fraud that impaired "the integrity of the

legal process," *id.* at PageID # 243 (quoting *Latshaw v. Tranier Wortham & Co.*,

452 F.3d 1097, 1104 (9th Cir. 2006)).  Even assuming that Salanoa had a change of

heart or did not actually want to settle *Salanoa I*, there was insufficient evidence

that a fraud was perpetrated on this court.  *See id.* at PageID ## 240-41.  The court

observed that "the bulk of Plaintiff's motion alleges that DeWaele failed to provide

---

[5] Because the action had settled and was dismissed by stipulation, no "judgment" had ever entered.  There was no "judgment" to vacate.  And so, rather than vacating a judgment, Salanoa was essentially seeking to reopen the action.

[6] As best the court can tell, these same documents are also offered in the present case (Civ. No. 21-00300 JMS-RT), as discussed below.

adequate legal representation and/or committed malpractice," *id.* at PageID # 241, but the court reasoned that "even if [the allegations] could be construed as malpractice," *id.*, none of the alleged actions constituted the necessary fraud on the court, *id.* at PageID ## 241-42. The court stated that "[i]f Plaintiff seeks to pursue malpractice claims against DeWaele, he must do so in a separate action." *Id.* at PageID # 242.[7] The court also denied Salanoa's unrelated request to require the recusal of former Magistrate Judge Kevin Chang. *Id.* at PageID # 243. Salanoa did not appeal the denial of the Rule 60(b)(3) motion.

Finally, on December 2, 2021, Salanoa—while these four pending Motions were under submission—filed another Rule 60 motion (this one purportedly based upon different sections of Rule 60(b)) seeking "relief from judgment," attempting to "overturn, rescind [and] make null and void" the July 2014 Settlement Agreement. *See Salanoa I* (ECF No. 59 at PageID # 833). This latest Rule 60 motion in *Salanoa I* substantively duplicates relief that Salanoa seeks in pending motions in this case (i.e., Civ. No. 21-00300 JMS-RT), which are

---

[7] Salanoa subsequently filed a malpractice action against DeWaele that is now pending in the District of Hawaii before a different judge. *See Salanoa v. DeWaele*, Civ. No. 21-00266 LEK-KJM (D. Haw. filed June 7, 2021) (the "malpractice action"). Notably, even assuming Salanoa could prevail in a malpractice action—something the court offers absolutely no opinion on—it would not mean the July 2014 Settlement Agreement is otherwise invalid. Prevailing on a malpractice action conceivably might entitle Salanoa to damages, but likely could not impact the dismissal of *Salanoa I*.

analyzed later in this Order.[8]  It is ruled upon in *Salanoa I*, in conjunction with the instant Order.

## B.    Workers' Compensation Proceedings

Salanoa also had (and currently has) a workers' compensation proceeding against HECO that began in 2011.  That proceeding was closed in 2013 but was re-opened again in 2017 or 2018.  Some aspects of that proceeding apparently are still pending before the Hawaii Department of Labor and Industrial Relations ("DLIR").  *See, e.g.*, ECF No. 76 at PageID # 1544.  Although the record of these workers' compensation proceedings is incomplete, the court is nevertheless able to understand the details that are relevant to the issues in the instant action.

As indicated in the July 2014 Settlement Agreement, Salanoa filed a workers' compensation claim on or about November 21, 2011, which HECO denied on July 30, 2013.  *See* ECF No. 36-3 at PageID # 1097; *see also* ECF No. 65-2 at PageID # 1396.  The July 2014 Settlement Agreement states that "the [workers' compensation] Claim was never appealed and is now final."  ECF No. 36-3 at PageID # 1097.  And as explained earlier, the Settlement Agreement by its

---

[8] The December 2, 2021 motion was filed in the malpractice action, but—given the relief sought—the presiding Judge transferred it from that case to *Salanoa I*.  *See Salanoa v. DeWaele*, Civ. No. 21-00266 LEK-KJM (ECF No. 27).

terms was meant to settle both *Salanoa I* and "any claims related to the [workers' compensation] Claim." *Id.* That is, workers' compensation claims were among its released claims. *See id.* at PageID # 1098.

Nevertheless, records indicate that in October 2017 Salanoa, proceeding pro se, requested re-opening of his workers' compensation claim. *See, e.g.*, ECF No. 65-1 at PageID # 1391; ECF No. 65-2 at PageID # 1394. On January 24, 2018, the Director of the DLIR, Disability Compensation Division, denied Salanoa's claim, which was based on a mental stress injury occurring on January 8, 2011. ECF No. 65-1 at PageID # 1391; ECF No. 75-2 at PageID # 1528. On February 8, 2018, Salanoa appealed that denial to the DLIR Appeals Board. ECF No. 75-2 at PageID # 1528. He also apparently sent a letter of complaint on June 6, 2018 to "the Department of Justice Administrator," alleging ongoing retaliation and fraud by HECO. ECF No. 65-1 at PageID # 1391.

After Salanoa filed his workers' compensation appeal and made the June 6, 2018 complaint, HECO's legal department sent Salanoa a September 27, 2018 letter notifying him that his actions were purportedly in breach of the July 2014 Settlement Agreement. *See id.* at PageID ## 1391-92. Specifically, HECO told Salanoa that "[his] pursuit of the reopening and appeal of the January 24, 2018 Decision relating to your workers' compensation claim for injury allegedly

11

sustained when you were employed with [HECO], as well as your continuous

allegation of retaliation by [HECO] . . . are a violation of the Agreement."  *Id.* at

PageID # 1392.  HECO asked Salanoa to withdraw his appeal "and any other

complaints against [HECO] that you are pursuing, arising out of your employment

with, or separation from, [HECO]."  *Id.*

> HECO's September 27, 2018 letter seems not to have deterred

Salanoa, as he continued to pursue his appeal to the DLIR Appeals Board.  And,

indeed, on April 29, 2019, the Appeals Board *reversed* the Director's January 24,

2018 decision and "conclude[d] that [Salanoa had] sustained a mental stress injury

on January 8, 2011, arising out of and in the course of employment."  ECF No. 75-

2 at PageID # 1535.  HECO is apparently challenging the Appeals Board's

decision in a pending reconsideration or appeal proceeding, although the details are

not clear from the record.  *See, e.g.*, ECF No. 76-11 at PageID ## 1653-56; ECF

Nos. 19-16 & 19-17.

> As for the July 2014 Settlement Agreement, Salanoa argues to this

court that HECO admitted to the Appeals Board that the Settlement Agreement

does not bar the reopened workers' compensation proceedings.  *See, e.g.*, ECF No.

80-1 at PageID # 1689 (arguing that "[o]n 10/4/2018 HECO attorney Ryan

Kaufman confessed to Appeals Board Attorney Mr. Devanney and me, this letter

means nothing and HECO knows it.").  At times, Salanoa cites to Hawaii Revised Statutes ("HRS") § 386-78 as the reason that the Agreement is invalid.  *See, e.g.*, ECF No. 64-1 at PageID # 1367 ("I believe [HECO's counsel] referred to HRS 386-78 'compromise' as the reason [the Agreement is] invalid.").[9]  And because the workers' compensation proceedings were not barred, Salanoa argues that the entire July 2014 Settlement Agreement is invalid and fraudulent.  This belief seems to form much of the basis of his arguments in the pending Motions that seek to set aside the July 2014 Settlement Agreement and to reopen *Salanoa I*.

At some point (or points) after the April 29, 2019 Appeals Board decision finding that Salanoa was entitled to workers' compensation benefits, Salanoa apparently sought re-employment with HECO, either independently, or as

---

[9] At the time of the July 2014 Settlement Agreement, HRS § 386-78(a) provided that:

> No compromise in regard to a claim for compensation pending before the director shall be valid unless it is approved by decision of the director as conforming to this chapter and made a part of the decision; provided that this requirement shall not apply to compromises reached as a result of claims or actions brought under section 386-8.

HRS § 386-78(a) (2015).  Although the record is not clear, the July 2014 Settlement Agreement might have been considered invalid under § 386-78(a) as to a compromise of workers' compensation claims because it was not approved by the DLIR director.  In any event, even if that is the reason the Settlement Agreement did not bar Salanoa's workers' compensation claim, the remainder of it is still valid by application of Agreement's severability clause, which provides:  "If any word, clause, phrase, sentence, or paragraph of this Agreement is declared void or unenforceable, such portion shall be considered independent of, and severable from, the remainder, the validity of which shall remain unaffected."  ECF No. 36-3 at PageID # 1102.

part of a vocational rehabilitation process.  *See, e.g.*, ECF No. 19-12 at PageID # 330; *see also* ECF Nos. 7-6 to 7-9.  The record indicates that HECO last denied an application by Salanoa for re-employment in June or July of 2021.  *See* ECF No. 19-14 at PageID # 338.  On June 23, 2021, HECO's counsel wrote a letter to Salanoa—again invoking the July 2014 Settlement Agreement—informing him, among other matters, that he is ineligible for employment with HECO and that his application for employment or re-employment is itself a breach of the July 2014 Settlement Agreement.  *See* ECF No. 65-1 at PageID # 1380.  Salanoa argues that this denial (or denials) of employment, and HECO's continued actions in the workers' compensation proceedings, constitute fraud and illegal discrimination on the basis of his disability.  *See, e.g.*, ECF No. 7.[10]

## C.  Hawaii State Court Proceedings in *Salanoa v. Hawaiian Electric Co.*, 1CCV-20-0001370 (Haw. 1st Cir. Ct.) (the "State Court action" or "*Salanoa II*")

### 1.  *Allegations*

On October 6, 2020, Salanoa filed a pro se complaint against HECO in the Circuit Court of the First Circuit, State of Hawaii (the "State Court"),

---

[10] On August 10, 2021, Salanoa filed a charge with the EEOC regarding this failure to hire.  *See* ECF No. 19-14 at PageID # 338.  The record does not reflect whether the EEOC has completed its investigation, or whether it has issued a right-to-sue letter regarding this August 10, 2021 charge of discrimination.  However, to the extent any of the current Complaint's allegations concern a failure by HECO to hire (or re-hire) Salanoa in June or July of 2021, they are not actionable in this suit (i.e., Civ. No. 21-00300 JMS-RT).

alleging "Employment and Repeated ADA Discrimination, Harassment and

Ongoing Retaliation."  ECF No. 19-15 at PageID # 341.  The complaint in this

State Court action alleged violations of Title VII, the federal Rehabilitation Act,

the ADA, and various Hawaii laws.  *Id.* at PageID ## 341-42.  Salanoa alleged

causes of action entitled "Hostile Work Environment and Negligence,"

"Retaliation and Discrimination," "Duress and Fraud," "Ongoing Retaliation," and

"Punitive Damages."  *Id.* at PageID ## 380-82.  The claims were based on alleged

actions taken by HECO prior to 2011 and while Salanoa was an employee, actions

related to his retirement in 2011, actions by HECO and Salanoa's counsel

regarding the stipulated dismissal of *Salanoa I*, and HECO's actions during the

workers' compensation proceedings beginning in 2011 (including the time after the

April 29, 2019 DLIR Appeals Board decision awarding him workers'

compensation benefits, and until September 2020).  *See id.* at PageID ## 342-79.

The relief sought included: (1) a restraining order "to stop any more

harassment, litigation or harm in any form by the Defendant . . . now and in the

future," *id.* at PageID # 382; (2) an order "mak[ing] invalid, null and void all prior

agreements the Defendant had held 'against the Plaintiff,'" *id.*; (3) "a safe work

environment . . . in the hope [Plaintiff] is ever able to return to work at [HECO],"

*id.* at PageID # 383; (4) a retirement pension "equal to that of middle management

employees with at least 93 years of age plus service," *id.*; and (5) unspecified

damages, costs, and punitive damages, *id.*[11]

Before filing the October 6, 2020 State Court complaint, Salanoa had

filed three EEOC administrative charges. Specifically, he filed EEOC charges

(1) on November 20, 2018, complaining of retaliation and disability discrimination

regarding the ongoing workers' compensation proceedings, ECF No. 19-11 at

PageID ## 326-27; (2) on June 3, 2019, complaining of race and disability

discrimination, and retaliation by HECO in responding to Salanoa's workers'

compensation proceedings, and HECO's "failure to reinstate [Salanoa]," ECF No.

19-12 at PageID # 330; and (3) on May 8, 2020, based on the same allegations as

in the two prior EEOC complaints, but with additional allegations based on

information that Salanoa "recently became informed of [because he] was able to

get [his] hands on some 'concealed' evidence from 2011[,]" ECF No. 19-13 at

PageID # 332. Salanoa received right-to-sue letters as to the first two EEOC

complaints in 2019, but he did not file the State Court action until October 6,

---

[11] Salanoa "removed" his own action to the U.S. District Court for the District of Hawaii on February 10, 2021. ECF No. 19-6 at PageID # 259 (*Salanoa v. Hawaiian Electric Co.*, Civ. No. 21-00084 LEK-RT). On February 18, 2021, however, Salanoa filed a "Motion to withdraw Civil Suit with the intent to refile at a later date," ECF No. 19-7 at PageID # 312, which was construed as a motion to remand. Accordingly, the action was remanded to State Court on February 22, 2021. *Id.* at PageID # 313.

2020—well past the 90-day filing deadline to file suit as required by 42 U.S.C.

§ 2000e-5(f)(1).  *See* ECF No. 19-1 at PageID # 228.[12]

    **2.**    ***State Court's Dismissal***

        On March 1, 2021, the State Court dismissed the State Court action

with prejudice, issuing "Findings of Fact, Conclusions of Law, and Order Granting

[HECO's] Motion to Dismiss Plaintiff's Complaint" (the "March 2021 State Court

Order"), *see* ECF No. 19-1 at PageID # 225.  Among other rulings, the State Court

determined as follows:

- Salanoa's claims were barred by res judicata to extent they were raised, or could have been raised, in *Salanoa I.  Id.* at PageID ## 231-32 (citing *Ellis v. Crockett*, 51 Haw. 45, 55-56, 451 P.2d 814, 822 (1969)).

- Salanoa's Title VII and ADA claims were barred by the applicable limitations period because Plaintiff had admitted that the State Court action was not filed within 90 days of the EEOC's right-to-sue letters for the 2018 and 2019 EEOC charges.  *Id.* at PageID ## 228, 232 (citing 42 U.S.C. § 2000e-5(f) & HRS § 368-12).

- A six-year statute of limitations barred any claims regarding "alleged collusion between [HECO] and DeWaele" in the workers' compensation proceedings that occurred in 2013, as well as other

---

[12] The record is unclear as to when Salanoa received a right-to-sue letter regarding his May 8, 2020 EEOC complaint, but HECO points out that a plaintiff cannot "revive his right to sue by filing a second EEOC complaint."  *Ogunsalu v. San Diego Unified Sch. Dist.*, 759 F. App'x 642, 644 (9th Cir. 2019); *see also Thakral v. Hawaii Residency Programs, Inc.*, 2020 WL 1148556, at *6 (D. Haw. Mar. 9, 2020) ("Under well-established precedent, a second right-to-sue-letter for the same conduct is without effect where there is no indication that the EEOC intended to revoke the previously issued right-to-sue notice." (citations omitted)).

claims arising out of his employment with HECO, which ended on July 23, 2011.  *Id.* at PageID # 232.

•   The court lacked subject matter jurisdiction over Salanoa's workers' compensation claims because the DLIR has exclusive jurisdiction over such matters.  *Id.* (citing HRS § 386-73[13]) (other citation omitted).

•   HECO's "participation and defense of Plaintiff's workers' compensation proceedings before the [Disability Compensation Division] and/or DLIR is protected by the litigation privilege."  *Id.* at PageID # 233.

•   And, in any event, "the allegations of discrimination and retaliation against [HECO] relating to [HECO's] participation and defense in Plaintiff's workers' compensation proceedings . . . do not constitute legally prohibited discrimination and/or retaliation."  *Id.*

The State Court entered judgment against Plaintiff on June 14, 2021.

ECF No. 19-2 at PageID ## 236-37.  Salanoa did not appeal that judgment, and it

is final.  *See* ECF No. 20-22 at PageID # 636 (docket reflecting no appeal as of

July 14, 2021); ECF No. 36 at PageID # 1079 (Salanoa stating that "[t]he

---

[13] Section 386-73, entitled "Original jurisdiction over controversies," provides:

> Unless otherwise provided, the director of labor and industrial relations shall have original jurisdiction over all controversies and disputes arising under this chapter.  The decisions of the director shall be enforceable by the circuit court as provided in section 386-91.  There shall be a right of appeal from the decisions of the director to the appellate board and thence to the intermediate appellate court, subject to chapter 602, as provided in sections 386-87 and 386-88, but in no case shall an appeal operate as a supersedeas or stay unless the appellate board or the appellate court so orders.

18

Appellate Court rules were confusing, I was not able to meet the time limit to file proper papers, all I could do was file an adamant protest on record"); *see also* Haw. R. App. P. 4(a) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.").

**D.     Salanoa Files the Present Action, *Salanoa v. Hawaiian Electric Co.*, Civ. No. 21-00300 JMS-RT ("*Salanoa III*")**

>     *1.     Allegations*

Salanoa filed *Salanoa III* against HECO on July 6, 2021.  ECF No. 1. As mentioned in the Introduction, the pro se "Retaliation Complaint" invokes Title VII, the ADA, and related state law claims.  *See* ECF No. 1 at PageID ## 1, 8-14. The Complaint's seven-page factual basis, in stream-of-consciousness fashion, begins by repeating allegations from the prior complaints (i.e., from *Salanoa I* and *Salanoa II*) regarding how Salanoa opposed discrimination and was subjected to retaliation while employed at HECO, and was "forc[ed] . . . into 'constructive termination' of employment with [HECO] on June 24, 2011."  *Id.* at PageID # 2.  It focuses on HECO's alleged actions in opposing his workers' compensation claim, stating that his work injury "has been clinically diagnosed as ADA status since late June 2011," *id.*, rendering HECO in violation of the ADA.  Salanoa claims to have discovered new evidence of HECO's actions in 2012 during the workers' compensation proceedings indicating that HECO "dishonestly and knowingly

19

denied, concealed, prevented and interfered with the proper processing of SALANOA's work injury, EEOC, ADA claims and processes for the next 10 years including the loss of other, inferior jobs." *Id.* at PageID # 4. He alleges that "[w]hen the Appeals Board overturned [HECO's] former denials on April 29, 2019, it also legally overturned and nullified [HECO's] dishonest EEOC Civil suit settlement of 2014 as well." *Id.* The Complaint contends that HECO had actively concealed from this court in 2013 in *Salanoa I* that it had "'secretly' dismissed and closed SALANOAS' [sic] work injury claim," *id.* at PageID # 5, thereby committing "[f]raud upon the Court." *Id.* He also appears to take issue with certain actions of his former counsel in *Salanoa I. See id.* at PageID ## 6-7. And, after further allegations that HECO is wrongfully retaliating against him under the ADA with its tactics in the ongoing workers' compensation proceedings and its denial of such benefits, he again takes issue with HECO's failure to rehire him. *See id*. at PageID # 8 ("[HECO] also rehired employees that retired or were fired, but not SALANOA.").

Based on those factual allegations, Salanoa alleges eleven causes of action (entitled "undue influence," "duress," "fraud," "negligence," "breach of fiduciary duty," "retaliation," "negligent infliction of emotional distress," "intentional infliction of emotional distress," "attorney fees, related work injury

costs and school loans," "punitive damages," and "fraud upon the court"). *Id.* at PageID ## 8-12.  The Complaint seeks, among other relief, (1) to set aside the settlement agreement in *Salanoa I*, (2) reinstatement of his employment at HECO "up to and exceeding his level of supervising status at the time he was forced out on June 24, 2011," (3) back pay, front pay, and other benefits under the ADA, (4) other damages, and (5) punitive damages.  *Id.* at PageID # 14.

Prior to filing *Salanoa III*, Salanoa had received right-to-sue letters from the EEOC and Hawaii Civil Rights Commission on April 23, 2021, ECF No. 19-9, and on May 6, 2021, ECF No. 19-10.  Those letters were based on an April 8, 2021 EEOC charge of discrimination.  *See* ECF No. 19-8.  That charge of discrimination complained that, in the ongoing workers' compensation matter, HECO was conducting an oral deposition of Salanoa, and requiring him to undergo an independent psychological evaluation.  *Id.* at PageID # 315.  In this regard, it raised the same or similar claims as were brought (and were rejected) in *Salanoa II*.  It also alleged that HECO employees in January 2021 were "ordered not to help me," in violation of "ADA laws and Rehabilitation laws."  *Id.*  And it again claimed that HECO had been concealing documents from him since 2013 and

"repeatedly used this [workers' compensation] case to unlawfully cover up HECO's EEO violations since 2011." *Id.* at PageID # 316.[14]

### 2.    *The Pending Motions*

Soon after filing *Salanoa III*, Salanoa filed the first of the four pending Motions—an August 1, 2021 "Motion to Enforce my ADA and Rehabilitation Rights," ECF No. 7, seeking affirmative relief on his Complaint. This Motion argues that he is "entitled to injured workers rehabilitation programs that must include as the highest priority the same job with the same employer," *id.* at PageID ## 36-37 (internal editorial marks omitted), and it asks "the Court to reinstate [Salanoa's] employment status as an 'employee' with [HECO]," *id.* at PageID # 31.  The court set a briefing schedule for this Motion, with HECO's Opposition due on September 2, 2021, and Salanoa's Reply due on September 16, 2021.  ECF No. 10.  HECO timely filed its Opposition on September 2, 2021, ECF No. 18, and also responded by filing two motions of its own.

---

[14] As noted above, Salanoa filed yet another administrative charge of discrimination with the EEOC against HECO on August 10, 2021, ECF No. 19-14 at PageID # 338, based on an alleged denial of employment (or re-employment) in June or July of 2021.  It is unclear whether the EEOC or Hawaii Civil Rights Commission has completed an investigation of this August 2021 charge (or has issued a subsequent right-to-sue letter).  But given the timing of this charge—filed on August 10, 2021 after *Salanoa III*'s filing on July 6, 2021—any claim related to a failure by HECO to hire or re-hire Salanoa in June or July of 2021 cannot properly be adjudicated in the present suit (*Salanoa III*).

First, HECO filed a Motion to Dismiss, ECF No. 19, seeking dismissal of Salanoa's July 6, 2021 Complaint with prejudice, *id.* at PageID # 212. Second, HECO filed a "Motion to Declare Plaintiff Christopher Salanoa a Vexatious Litigant," ECF No. 20, asking for a court order declaring Salanoa to be a vexatious litigant and prohibiting him "from filing any new litigation in the courts of Hawaii without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed," *id.* at PageID # 458. The court set a hearing date for these motions for October 18, 2021, with Oppositions and Replies due in September and October 2021. ECF No. 22.

On September 14, 2021, however, Salanoa filed a motion entitled "Motion(s) (1) Requesting ADA Accommodation, (2) Oppose HECO Motions Opposing ADA Enforcement (3) Oppose to Dismiss (4) Oppose Micslaneous [sic] Relief (5) To Make Void 2014 Settlement as a Fact Law (6) Place This Case on 'Hold' Until ADA Accomodation [sic] is Met," ECF No. 30. This filing sought, among other relief, accommodations from the court under the ADA to enable him to proceed with this action, including appointment of "someone with legal understanding to help [Plaintiff] go over [HECO's filings]." *Id.* at PageID # 880. On September 17, 2021, the court construed this motion as, in part, a Motion for Appointment of Counsel, and denied the request. *See* ECF No. 31 at PageID

23

# 1061.  Although not required to do so under the ADA, however, the court extended the briefing schedule into late-October 2021 as an accommodation to Salanoa.  *Id.* at PageID # 1064.  Salanoa then filed his Oppositions to HECO's two Motions on October 5, 2021 and October 11, 2021, and a Reply regarding his first Motion on October 12, 2021.  *See* ECF Nos. 36, 43, 45.  HECO filed its Replies on October 25, 2021.  *See* ECF Nos. 62, 63.

On November 18, 2021, Salanoa filed the fourth pending Motion. ECF No. 64.  This Motion, titled "Motion for Partial Summary Judgement for Count III Fraud," seeks in part "to overturn, rescind make null and void the 2014 Settlement that is the core bases of [Plaintiff's] July 6, 2021, complaint."  *Id.* at PageID # 1365.  The court set a briefing schedule for this Motion, ECF No. 69, and HECO filed its Opposition on December 3, 2021, ECF No. 77.  Salanoa filed his Reply on December 10, 2021.  ECF No. 80.[15]

---

[15] On December 14, 2021, Salanoa filed a motion seeking leave to file a motion for preliminary injunction that would require HECO "to immediately STOP . . . actively impeding [Plaintiff's] ADA medical and vocational rehabilitation treatment process," ECF No. 84 at PageID # 1714, arguing in part that "HECO is illegally denying [Salanoa] ADA rehabilitation and re-employment benefits."  *Id.*  The court denied Salanoa leave to file such a motion, partly because it would duplicate relief already being sought in the pending Motions.  *See* ECF No. 85.

Meanwhile, as noted earlier, on December 2, 2021, Salanoa filed another motion in *Salanoa I*, seeking to "[m]ake the 2014 Settlement Null and Void."  *Salanoa I* (ECF No. 59). This Motion also duplicates relief sought in the pending Motions in the present action (Civ. No. 21-00300 JMS-RT), and the court rules on that Motion in *Salanoa I*, in conjunction with the present Order.

The court decides all four pending Motions without a hearing under Local Rule 7.1(c).

## III.  **<u>DISCUSSION</u>**

The court focuses first on Defendant's Motion to Dismiss, ECF No. 19, because if Salanoa's complaint fails to state a claim or is otherwise barred then Salanoa necessarily cannot obtain the affirmative relief he seeks in his two motions.  The Motion to Dismiss primarily argues that the present action is barred by res judicata/collateral estoppel.  *See, e.g.*, *Amina v. WMC Fin. Co.*, 329 F. Supp. 3d 1141, 1153 (D. Haw. 2018) ("A district court may consider the affirmative defenses of claim or issue preclusion on a Rule 12(b)(6) motion to dismiss." (quotation marks and citations omitted)).  It also raises several other grounds for dismissing particular claims.  The court addresses these arguments in turn.

## A.    **Res judicata/collateral estoppel**

The doctrine of res judicata basically means that a plaintiff has only one full opportunity to have a court address a claim; a plaintiff cannot keep bringing the same claim over and over after losing.  As the Supreme Court describes it, "[a] fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent

25

jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies.'"  *Montana v. United States*, 440 U.S. 147, 153 (1979) (quoting *S. Pac. R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)).

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action," *id.*, and "[u]nder collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Id.* (citations omitted).

> Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. . . .  To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.

*Id.* at 153-54 (citations omitted).

In this instance, res judicata applies in two overlapping contexts—this federal court's decisions in *Salanoa I*, and the State Court's decisions in *Salanoa II*.  As to the first, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891

(2008).[16]  And as to the second, Hawaii law applies.  *See, e.g.*, *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) ("We determine the preclusive effect of a state court judgment by applying that state's preclusion principles.").

### 1.    *Federal Standards*

Under federal law, "res judicata" encompasses both "claim preclusion" and "issue preclusion."[17]  *Taylor*, 553 U.S. at 892.  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"  *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)).  Claim preclusion bars relitigation not only of all grounds of recovery that were actually asserted, but also those that could have been asserted.  *See, e.g.*, *Tahoe-*

---

[16] *Salanoa I* was based, at least in part, on federal law—meaning that this court applies federal principles in assessing whether to give it preclusive effect in this action.  *See Taylor*, 553 U.S. at 891.  In contrast, "[f]or judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."  *Id.* at 891 n.4.

[17] In turn, "issue preclusion encompasses the doctrines once known as 'collateral estoppel' and 'direct estoppel.'"  *Taylor*, 553 U.S. at 892 n.5.

*Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077-78 (9th Cir. 2003); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (reiterating that res judicata proscribes subsequent "lawsuits on 'any claims that were raised or could have been raised' in a prior action") (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).  Claim preclusion "applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (citation omitted).

"Issue preclusion . . . bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quoting *New Hampshire*, 532 U.S. at 748-49).  For issue preclusion to apply, "(1) the issue must be identical to one alleged in prior litigation; (2) the issue must have been 'actually litigated' in the prior litigation; and (3) the determination of the issue in the prior litigation must have been 'critical and necessary' to the judgment."  *Beauchamp v. Anaheim Union High Sch. Dist.*, 816 F.3d 1216, 1225 (9th Cir. 2016) (quoting *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992)).

For preclusion purposes, a pending appeal does not affect the finality of a federal court's judgment. *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882 (9th Cir. 2007) ("A final judgment retains its collateral estoppel effect, if any, while pending appeal." (citing *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (reasoning that a pending appeal does not affect a judgment's finality for preclusion purposes))). Moreover, "[t]he phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956. And "a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits." *Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005).

## 2. *Hawaii Standards*

Under Hawaii law, "[t]he judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter, and precludes the relitigation, not only of the issues which were actually litigated in the first action, but also of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided." *Foytik v. Chandler*, 88 Haw. 307, 314, 966 P.2d 619, 626 (1998) (quoting *Morneau v. Stark Enters., Ltd*., 56 Haw. 420, 422-23, 539 P.2d 472, 474-75 (1975)). *See also, e.g., Mather v. First Hawaiian Bank*,

2014 WL 4199335, at *5 (D. Haw. Aug. 22, 2014) ("Under Hawaii law, the

doctrine of res judicata applies when: 1) the claim asserted in the action in question

was or could have been asserted in the prior action, 2) the parties in the present

action are identical to, or in privity with, the parties in the prior action, and 3) a

final judgment on the merits was rendered in the prior action." (quoting *Pedrina v.*

*Chun*, 97 F.3d 1296, 1301 (9th Cir. 1996))).[18]

 "To determine whether a litigant is asserting the same claim in a

second action, the court must look to whether the 'claim' asserted in the second

action arises out of the same transaction, or series of connected transactions, as the

'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 71 Haw. 458, 464,

---

[18] As this court noted in *Bumatay v. Finance Factors, Ltd.*, 2010 WL 3724231 (D. Haw. Sept. 16, 2010),

> Hawaii law now prefers the modern terms "claim preclusion" and "issue preclusion" instead of "res judicata" and "collateral estoppel." *See Bremer v. Weeks*, 104 Haw. 43, 53, 85 P.3d 150, 160 (2004). Hawaii cases sometimes merge the terms "res judicata" and "collateral estoppel." *See, e.g.*, *Bush v. Watson*, 81 Haw. 474, 480, 918 P.2d 1130, 1136 (1996) ("Collateral estoppel is an aspect of res judicata. . . . [C]ollateral estoppel [is] an included doctrine [of res judicata]." (quoting *Morneau v. Stark Enters., Ltd.*, 56 Haw. 420, 423, 539 P.2d 472, 475 (1975))); *In re Dowsett Trust*, 7 Haw. App. 640, 644, 791 P.2d 398, 401 (1990) ("[R]es judicata comprises two separate doctrines or rules concerning the preclusive effect of prior adjudication. Those doctrines or rules are denominated 'res judicata' and 'collateral estoppel.'").

*Bumatay*, 2010 WL 3724231, at *4 n.3.

795 P.2d 276, 279 (1990) (citing Restatement (Second) of Judgments § 24 (1982)).

And, for these purposes, "a judgment is final where the time to appeal has expired

without an appeal being taken." *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d

829, 833 (1985) (quoting *James W. Glover, Ltd. v. Fong*, 42 Haw. 560, 574

(1958)).

### 3.   *Application of Federal and State Preclusion Principles*[19]

Applying federal principles, claims in this action (*Salanoa III*, Civ.

21-00300 JMS-RT) for alleged discrimination, retaliation, and violations of state

law relating to Salanoa's former employment with HECO that are based on events

alleged in *Salanoa I* are barred by res judicata.  *See Ruiz*, 824 F.3d at 1164

(reiterating that res judicata or claim preclusion applies when there is (1) an

---

[19] Ultimately, it does not matter under the facts of this case whether state or federal law applies.  "Hawaii's articulation of collateral estoppel and res judicata are similar to the federal standard."  *Smallwood v. U.S. Army Corp[s] of Eng'rs*, 2009 WL 196228, at *12 n.3 (D. Haw. Jan. 26, 2009) (citations omitted).  To be sure, there is one difference between the federal and state doctrines, but that difference is immaterial to this case.  Under federal standards, "a final judgment retains its collateral estoppel effect, if any, while pending appeal."  *Collins*, 505 F.3d at 882 (citing *Tripati*, 857 F.2d at 1367).  In contrast, under Hawaii law, a Hawaii judgment is not final for res judicata purposes if an appeal is pending.  *See, e.g.*, *Littleton*, 6 Haw. App. at 75, 708 P.2d at 833) ("[W]here an appeal has been taken, a judgment of the trial court is not final, at least for purposes of *res judicata*.").  Here, because the State Court's judgment in *Salanoa II* was not appealed, this difference in law is of no consequence.

identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties).

The parties—Salanoa and HECO—are identical.  There is an "identity of claims" because the two suits (at least as to alleged events prior to August 7, 2014) arise out of the same nucleus of facts, involve the same allegations, and allege infringement of the same rights.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (discussing meaning of "identity of claims").  And the August 7, 2014 stipulated dismissal with prejudice acts as a "final judgment on the merits."  *See Stewart*, 297 F.3d at 956 ("The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'"); *Headwaters*, 399 F.3d at 1052 ("[A] stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits" for res judicata purposes.).

For similar reasons, the court in this case (*Salanoa III*) cannot revisit its November 6, 2018 decision in *Salanoa I* that denied Salanoa's Rule 60 motion to reopen *Salanoa I* based on alleged fraud.  That Order (which is an "adjudication on the merits") was not appealed, involves the same parties, and the same identity of claims.  It considered largely the same documents and allegations.  That is,

32

*Salanoa I*'s finding on the "fraud" issue is subject to "issue preclusion," barring this court from revisiting it here.  *See Ruiz*, 824 F.3d at 1164.

Although Salanoa claims he has newly-discovered evidence of fraud, *see, e.g.*, ECF No. 65 at PageID # 1375, none of these workers' compensation documents from 2012 and 2013 indicates that fraud upon the court took place.  For example, Salanoa points to HECO "WC-3" forms from 2013 that he discovered in February of 2021.  *See id.* ("On 2/25/21, I found the WC-3's from pg. 4 of Dr. Bussey IPE request . . . I had no idea the WC-3's existed.").  But these forms only indicate that HECO denied liability for the workers' compensation claim on January 18, 2013 and closed the case on July 30, 2013—information that Salanoa and his counsel surely knew in 2014.  And nothing about these documents indicates that HECO committed fraud such that the *Salanoa I* settlement would be invalid.  The DLIR Appeals Board's 2019 workers compensation award is not a basis to set aside the 2014 dismissal in *Salanoa I* and the entire July 2014 Settlement Agreement.

And applying Hawaii res judicata principles to the State Court's 2020 judgment in *Salanoa II*, Salanoa's claims in this suit (*Salanoa III*) are also barred by principles of prior adjudication.  Indeed, the State Court judgment bars *more* potential claims than are barred by *Salanoa I*—it also bars any claims that might be

33

based on HECO's alleged actions from August 7, 2014 (when *Salanoa I* was dismissed with prejudice) until June 14, 2021 (when the State Court entered judgment in *Salanoa II*), or at least until October 6, 2020 (when *Salanoa II* was filed).  Applying Hawaii law, *Salanoa II* involved the same parties and same claims as *Salanoa III*.  The claims and issues in *Salanoa III* "arise[] out of the same transaction, or series of connected transactions," *Kauhane*, 71 Haw. at 464, 795 P.2d at 279, as the claims and issues asserted in *Salanoa II*.  And the State Court judgment is final.  All the elements of res judicata/collateral estoppel under Hawaii law are met.  *See Foytik*, 88 Haw. at 314, 966 P.2d at 619.  Specifically, this court is bound by the State Court's determinations that:

- Salanoa's claims were barred by res judicata to extent they were raised, or could have been raised, in *Salanoa I*.  ECF No. 19-1 at PageID ## 231-32 (citing *Ellis*, 51 Haw. at 55-56, 451 P.2d at 822 ).

- Salanoa's Title VII and ADA claims were barred by the applicable limitations period because Plaintiff had admitted that the State Court action was not filed within 90 days of the EEOC's right-to-sue letters for the 2018 and 2019 EEOC charges.  *Id.* at PageID ## 228, 232 (citing 42 U.S.C. § 2000e-5(f) & HRS § 368-12).

- A six-year statute of limitations barred any claims regarding "alleged collusion between [HECO] and DeWaele" in the workers' compensation proceedings that occurred in 2013, as well as other claims arising out of Salanoa's employment with HECO, which ended on July 23, 2011.  *Id.* at PageID # 232.

- The court lacked subject matter jurisdiction over Salanoa's workers' compensation claims because the DLIR has exclusive jurisdiction over such matters. *Id.* (citing HRS § 386-73) (other citation omitted).

- HECO's "participation and defense of Plaintiff's workers' compensation proceedings before the [Disability Compensation Division] and/or DLIR is protected by the litigation privilege." *Id.* at PageID # 233.

- And, in any event, "the allegations of discrimination and retaliation against [HECO] relating to [HECO's] participation and defense in Plaintiff's workers' compensation proceedings . . . do not constitute legally prohibited discrimination and/or retaliation." *Id.*

Moreover, Salanoa had sought in *Salanoa II* to "make invalid, null and void all prior agreements [HECO] had held 'against the Plaintiff,'" ECF No. 19-15 at PageID # 382. This request would encompass "mak[ing] invalid" the July 2014 Settlement Agreement. And having lost on that issue in *Salanoa II*—as he did in *Salanoa I*—he cannot raise it again in *Salanoa III*.

In short, at least as to alleged events encompassed within *Salanoa II*'s allegations, *Salanoa III* is barred by *Salanoa I* and *Salanoa II*—the claims are barred by res judicata/collateral estoppel under both federal and state law.

## B.     Other Grounds for Dismissal

Even if not barred procedurally, this court independently agrees with HECO's Motion to Dismiss that on the merits—to the extent Salanoa is seeking in this suit to make discrimination claims based on his termination (retirement) from

HECO in 2011 that were brought in EEOC charges in 2018 and 2019—Salanoa's latest claims are barred by the 90-day limitations period in 42 U.S.C. § 2000e-5(f) and HRS § 368-12.  Although this suit (Civ. No. 21-00300 JMS-RT) was timely filed on July 6, 2021 based on an April 8, 2021 EEOC charge and corresponding right-to-sue letters of April 23, 2021 and May 23, 2021—that is, within 90 days of the right-to-sue letters—those claims are still time-barred because that April 8, 2021 charge was itself time-barred as to such discrimination claims.  *See Ogunsalu*, 759 F. App'x at 644 (reasoning that a plaintiff cannot "revive his right to sue by filing a second EEOC complaint"); *Thakral*, 2020 WL 1148556, at *6 ("Under well-established precedent, a second right-to-sue-letter for the same conduct is without effect where there is no indication that the EEOC intended to revoke the previously issued right-to-sue notice." (citations omitted)).

This court also agrees on the merits that—to the extent Salanoa is challenging decisions or rulings of the DLIR from the workers' compensation proceedings, or behavior of HECO in those proceedings—this court lacks subject-matter jurisdiction over Hawaii workers' compensation matters.  *See* HRS § 386-73 ("Unless otherwise provided, the [DLIR] shall have original jurisdiction over all

controversies and disputes arising under [Hawaii's workers' compensation statutes].").[20]

The only claims that might not be barred by res judicata/collateral estoppel are those based on Salanoa's allegations that HECO has *continued* to discriminate or retaliate against him based on a disability in 2020 and 2021 (after he filed *Salanoa II*) by its actions in the workers' compensations proceedings. *See* ECF No. 1 at PageID ## 3-5. These include allegations that

> [f]rom Nov. 2020 to January 2021, [HECO] ordered the H.R. persons . . . NOT to help Mrs. SALANOA whenever Mrs. SALANOA requested information concerning specific details for 'medical plans' or 'monthly medical records' and 'medical retirement'. [HECO] has singled out the SALANOAS[] because, for one, SALANOA filed another EEOC complaint and took the EEOC right to letter to State Court, filing as Pro Se in Oct. 2020[.]

*Id.* at PageID # 5. And, construed broadly, Salanoa is alleging a theory—of which he claims to have newly-discovered evidence—that HECO knew all along that its

---

[20] The court, however, does not agree on the merits that Hawaii's litigation privilege necessarily bars federal claims under Title VII or the ADA. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 851 (9th Cir. 2004) (agreeing with the Seventh Circuit's holding that "a state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action" (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998))). Nevertheless, it is enough that the State Court applied the Hawaii litigation privilege broadly to HECO's acts in defending the workers' compensation claim and that the State Court's decision is final and given res judicata effect by this Court.

2013 denial of workers compensation was wrongful and was in violation of the

ADA.  He alleges:

> Unbeknownst to SALANOA, but [HECO] and the State
> all knew pursuant HRS 386-31 law, that SALANOA
> must have received work injury benefits after a 3-day
> waiting period, SALANOA received nothing. . . .
> Ubeknownst to SALANOA, because he filed his EEOC
> complaint, [HECO] reacted to dishonestly and knowingly
> denied, concealed, prevented and interfered with the
> proper processing of SALANOA's work injury, EEOC,
> ADA claims and processes for the next 10 years
> including the loss of other, inferior jobs.

*Id.* at PageID # 4.

But those claims fail as a matter of law.  The court has found little

authority holding that litigation tactics can themselves constitute a violation of the

ADA or of other federal anti-discrimination statutes.  But, in this regard, the court

agrees with the Seventh Circuit that "it will be the rare case in which conduct

occurring within the scope of litigation constitutes retaliation prohibited by [Title

VII or the ADA]."  *Steffes*, 144 F.3d at 1075.  And—like Salanoa's allegations

here that HECO employees were instructed not to assist Salanoa's wife while in

litigation—the Seventh Circuit "rejected a retaliation claim alleging that the

employer instructed the plaintiff's co-employees not to give affidavits or other

assistance to help her with her sex discrimination claim."  *Id*. at 1075-76 (citing

*McKenzie v. Illinois Dep't of Transp.*, 92 F.3d 473, 486 (7th Cir. 1996)).  The

Seventh Circuit reiterated that "[a]n attempt to obstruct the litigation of the underlying discrimination complaint, like oppressive discovery requests and the withholding of other evidence, is inseparable from the litigation of the claim. Accordingly, it is a matter to be resolved pursuant to court rules, not by [a] Title VII [retaliation claim]." *Id*. at 1076 (quoting *McKenzie*, 92 F.3d at 486).  Further, it emphasized that "litigation tactics subject to supervision by the court cannot constitute independent grounds of [Title VII] liability." *Id.* (citing *Auriemma v. Montgomery*, 860 F.2d 273, 278 (7th Cir. 1988)).

Here, no facts are alleged in the *Salanoa III* complaint that suggest HECO did anything in the workers' compensation proceedings beyond challenging Salanoa's contention that he suffered an injury within the scope of his employment.  HECO's scheduling of depositions and medical examinations within those proceedings are matters of state law and DLIR rules and regulations, and they are supervised by the DLIR.  And HECO is entitled as a matter of law to appeal an adverse decision, within the DLIR and to the Hawaii Intermediate Court of Appeals if it so chooses.  *See* HRS § 386-88.[21]  The Complaint thus is

---

[21] Section 386-88 regarding "Judicial review" provides in part:

> The decision or order of the appellate board shall be final and conclusive, except as provided in section 386-89 [regarding reopening of cases], unless within thirty days after mailing of a

(continued. . .)

DISMISSED for failure to state a claim for retaliation under the ADA.  In any event, the court gives res judicata effect to the State Court's conclusion that "the allegations of discrimination and retaliation against [HECO] relating to [HECO's] participation and defense in Plaintiff's workers' compensation proceedings . . . do not constitute legally prohibited discrimination and/or retaliation."  ECF No. 19-1 at PageID # 233.[22]  And especially given that preclusion, the dismissal of Salanoa's ADA claim is with prejudice—further amendment would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (reiterating that a pro se litigant is not entitled to an opportunity to amend if an amendment could not cure the defect).

C.     **Salanoa's Two Pending Motions Necessarily Fail**

Having dismissed the Complaint with prejudice, the court DENIES Salanoa's "Motion to Enforce my ADA and Rehabilitation Rights," ECF No. 7, and "Motion for Partial Summary Judgment for Count III Fraud," ECF No. 64, as MOOT.  The court has no authority to grant a plaintiff the requested affirmative relief where the complaint is barred and fails to state valid claims.  *See, e.g.,*

_____

certified copy of the decision or order, the director or any other party appeals to the intermediate appellate court, subject to chapter 602, by filing a written notice of appeal with the appellate board, or by electronically filing a notice of appeal in accordance with the Hawaii rules of appellate procedure.

[22] As noted earlier, the court does not apply (as argued by HECO, ECF No. 19 at PageID # 207) a state law litigation privilege to absolutely bar a retaliation claim under the ADA.  *See Pardi*, 389 F.3d at 851; *Steffes*, 144 F.3d at 1074.

*United States v. Sandwich Isles Commc'ns, Inc.*, 2019 WL 4017233, at *6 (D. Haw. Aug. 26, 2019) (denying counterclaimant's affirmative motion for summary judgment as moot, reasoning that "[b]ecause [counterclaimant's] counterclaim is dismissed with prejudice, he cannot prevail on this motion"); *White v. Indymac Bank, FSB*, 2011 WL 1483928, at *9 (D. Haw. Apr. 18, 2011) ("Because the Court has dismissed Plaintiff's Complaint, the Court also DENIES AS MOOT . . . Plaintiff's Motion for Summary Judgment . . . ."). And, in any event, Plaintiff's motions seek affirmative relief on issues for which he has the burden of proof (essentially seeking summary judgment in his favor as to relief he seeks in his complaint).[23] He has not made the required showing, given the record before the court.

## D.      Motion to Declare Plaintiff a Vexatious Litigant

Lastly, the court addresses HECO's "Motion to Declare Plaintiff Christopher Salanoa a Vexatious Litigant," ECF No. 20. As explained above,

---

[23] "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). That is, a plaintiff moving for summary judgment on an affirmative claim "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). A plaintiff's "showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 488 (1984)).

HECO seeks, pursuant to 28 U.S.C. § 1651(a) and HRS § 634J-1 through 7, a prefiling order that would "prohibit[] Plaintiff from filing any new litigation in the courts of Hawaii without first obtaining leave from the presiding judge of the court where the litigation is proposed to be filed."  ECF No. 20 at PageID # 458.  In an exercise of discretion, the court DENIES the motion.  *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (reviewing entry of a prefiling order for abuse of discretion).

"[P]re-filing orders are an extreme remedy that should rarely be used."  *Id.* at 1057 (citing *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)).  "Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts."  *Id.* (citations omitted).  "A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances."  *Id.*  The Ninth Circuit has thus "outlined four factors for district courts to examine before entering pre-filing orders."  *Id.*

> First, the litigant must be given notice and a chance to be heard before the order is entered.  Second, the district court must compile "an adequate record for review."  Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation.  Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

42

*Id.* (quoting *De Long*, 912 F.2d at 1147-48).

Here, although the court shares HECO's frustration with Plaintiff's multiple lawsuits and filings, the court is not yet able to find that Plaintiff's litigation has been frivolous or harassing.  Rather, it appears that Plaintiff has pursued a vigorous litigation strategy and simply does not understand the legal principles involved.  Moreover, this federal court is unwilling at this point to impose a requirement on *other* courts (i.e., state courts) to have to screen *any* litigation filed by Plaintiff against HECO—as HECO requests in its Motion, and as appears to be allowed under HRS § 634J-7(a).  Much of Plaintiff's litigation has been in federal court, with apparently only one case in state court.  That is, the relief sought is not "narrowly tailored to closely fit the specific vice encountered." *De Long*, 912 F.2d at 1148.

Accordingly, HECO's Motion to Declare Plaintiff a Vexatious Litigant is DENIED.  Plaintiff is warned, however, that the law does not allow him to continue to file new lawsuits based on issues that have already been finally ruled upon.  There may be a time when a vexatious litigant pre-filing order will become proper and necessary.  That time has not yet come.

## IV.  <u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 19, is GRANTED.  The action is DISMISSED with prejudice.  Accordingly, Plaintiff's Motion to Enforce, ECF No. 7, and Motion for Partial Summary Judgment as to Count III, ECF No. 64, are both DENIED.  Defendant's Motion to Declare Plaintiff a Vexatious Litigant, ECF No. 20, is DENIED.

The Clerk of Court shall close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 31, 2022.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Salanoa v. Hawaiian Electric Company*, Civ. No. 21-00300 JMS-RT, Order (1) Granting Defendant's Motion to Dismiss, ECF No. 19; (2) Denying Plaintiff's "Motion to Enforce my ADA and Rehabilitation Rights," ECF No. 7; (3) Denying Plaintiff's Motion for Partial Summary Judgment as to Count III, ECF No. 64; and (4) Denying Defendant's Motion to Declare Plaintiff a Vexatious Litigant, ECF No. 20